UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAROLYN L. MCGUIRK,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 1:19-CV-35-PPS-JEM<br>)<br>)<br>)<br>)<br>) |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Carolyn L. McGuirk, and Plaintiff's Opening Brief [DE 22], filed September 6, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for an award of benefits. On November 14, 2019, the Commissioner filed a response. Plaintiff did not file a reply.

On May 30, 2019, Judge Philip P. Simon entered an Order [DE 15] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the decision of the Administrative Law Judge be reversed and the case remanded for further proceedings.

**I.      Background**

On March 16, 2016, Plaintiff filed an application for benefits alleging disability beginning February 18, 2009. Plaintiff's application was denied initially and upon consideration. On November

1

2, 2017, a hearing was held before Administrative Law Judge ("ALJ") John Carlton, at which Plaintiff, Plaintiff's attorney, Plaintiff's husband, and a vocational expert ("VE") testified. On March 13, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant last met the insured status requirements of the Social Security Act on December 13, 2009.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 18, 2009, through her date last insured of December 31, 2009.

3. Through the date last insured, the claimant had the following severe impairment: chronic obstructive pulmonary disease.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she needed to work in a temperature controlled environment with no exposure to extreme levels of heat, cold, dust, odors, fumes, or pulmonary irritants.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was 47 years old, which is defined as a younger individual age 18-49, on the date last insured.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that

>  existed in significant numbers in the national economy that the claimant could have performed.
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 18, 2009, the alleged onset date, through December 31, 2009, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

## II.  Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir.

3

2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review.*" Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.   Analysis

Plaintiff argues that the ALJ failed to build a logical bridge between the evidence in the record and the RFC. The Commissioner argues that the decision is supported by substantial evidence.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); see also 20 C.F.R. §§

4

404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, both medical and non-medical. See 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)).

Plaintiff argues that the ALJ failed to properly account for her restrictions in gripping and handling, and her need to use a nebulizer during the workday. Plaintiff testified that she had carpal tunnel surgery on her right hand, which was successful, but that during the period relevant to her claim, there were "certain things [she couldn't] do" with her left hand, such as wringing out a washrag or stirring a mixing bowl, because of pain and numbness in her hand and arm. AR 73, 75. Plaintiff testified that the pain was exacerbated by "handling . . . small parts" and "twisting and pushing" them, as she had been asked to do at a previous job. AR 74. The ALJ found at step two that Plaintiff's carpal tunnel syndrome was "non-severe" because it did not "more than minimally interfere[] with her ability to work during the period under consideration," but did not further analyze Plaintiff's difficulty gripping or handling.

The ALJ did not adequately explain the basis for his conclusion that Plaintiff's claimed gripping and handing restrictions only minimally affected her work, and did not address Plaintiff's testimony on those topics in his decision. To the extent his statement about Plaintiff's carpal tunnel syndrome was intended to address her left hand, his analysis was incomplete, because while Plaintiff had surgery for her carpal tunnel on her right hand, the record did not clearly indicate that carpal tunnel was what caused her issues with her left hand. *See* AR 73-74 ("I have [pain] in, my wrists,

5

both wrists actually, one's better since I had carpal tunnel surgery on it. That one's actually pretty functional but the other one even to like try and wring out my hair sends pain through my hand."). Even assuming carpal tunnel was the cause of Plaintiff's left hand pain, the ALJ did not adequately explain why he concluded Plaintiff's restrictions were "minimal." "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); see also *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain."); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion").

Plaintiff also argues that the ALJ failed to account for Plaintiff's use of a nebulizer. Plaintiff testified that she used a nebulizer "once or twice a day" for 15 to 20 minutes. The ALJ restricted Plaintiff to light work in a "temperature controlled environment with no exposure to extreme levels of heat, cold, dust, odors, fumes, or pulmonary irritants," but did not include any other restrictions relating to Plaintiff's use of a nebulizer. To the extent the ALJ found that this restriction removed or limited Plaintiff's need to use a nebulizer, he did not provide any reasoning for that conclusion, and that determination should have been made by a medical professional. *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *see also Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Plaintiff's alleged nebulizer use is particularly relevant because the VE indicated that an unscheduled break of five minutes or more would be "a problem" in the jobs that Plaintiff was

6

qualified to do, and those jobs would not provide a clean or sterile environment to use a nebulizer. AR 98-99. The ALJ did not analyze whether Plaintiff's nebulizer use could be arranged to conform to the break schedule typically imposed in the jobs Plaintiff was qualified for. Effectively, he ignored an "entire line[] of contrary evidence" calling into question Plaintiff's ability to do those jobs. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *see also Villano*, 556 F.3d at 563 (holding that an ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling.").

Plaintiff requests reversal with remand for an award of benefits. An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. *Briscoe*, 425 F.3d at 356. In this case, the ALJ failed to build a logical bridge between the evidence and his conclusions, but the record does not clearly indicate that Plaintiff is disabled. Given the ALJ's failure to develop the record as to Plaintiff's alleged gripping and handling restrictions and her nebulizer use, and the lack of medical evidence showing that those restrictions would preclude work, remand for benefits is not appropriate here. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("the record is not so clear that we can award or deny benefits on appeal").

On remand, the ALJ must build a logical bridge between the evidence in the record and the ultimate conclusions, including those in the RFC. *See Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The ALJ must analyze Plaintiff's subjective symptoms, including her complaints of pain, in the manner prescribed by SSR 16-3p, by considering Plaintiff's statements about her pain and how the symptoms affect her ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL

7

5180304 (October 25, 2017).

**IV.    Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the relief requested in Plaintiff's Opening Brief [DE 22] and **REMAND** this matter for further proceedings consistent with this Report and Recommendation.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 16th day of January, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        District Judge Philip P. Simon

8